**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4426**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE A. JORDAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:09-cr-00409-CMH-1)

Submitted:  March 31, 2020                          Decided:  April 7, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Jason Trigger, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence A. Jordan appeals his 18-month sentence imposed upon revocation of his supervised release. Shortly after beginning a period of supervised release for his original conviction, Jordan was arrested for, and pled guilty in the District of Columbia Superior Court to, third degree sexual abuse by force. After serving 22 months for the sexual abuse offense, the district court revoked his supervised release and sentenced him to 18 months' imprisonment. On appeal, Jordan argues that his revocation sentence is procedurally unreasonable because the district court did not adequately explain his sentence and failed to address his nonfrivolous arguments for a lower sentence.[1]

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "Only if this modified reasonableness analysis leads us to conclude that the sentence was unreasonable, do we ask whether it is plainly so, relying on the definition of plain used in our plain error analysis— that is, clear or obvious." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (alterations and internal quotation marks omitted).

However, "even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *Slappy*, 872 F.3d at 207. An error is harmless

---

[1] Jordan concedes that he violated the terms of his supervised release.

if the government "demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2018)] factors." *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2018) (listing relevant factors). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

However, "where a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Slappy*, 872 F.3d at 209. While "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly," *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *United States v. Ross*, 912 F.3d 740, 745 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 206

(2019). Nor can we "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious." *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (internal quotation marks omitted).

Here, the district court's explanation was contained in one sentence: "There's no question after being on supervised release a short period of time you did commit another offense, and of course I've got to address that." (J.A. 40).[2] The Government argues that because the district court did not depart from Jordan's policy statement range, we should presume that the district court "properly considered the pertinent statutory factors." *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998). This argument is unavailing because it does not address the district court's failure to consider Jordan's nonfrivolous arguments. Further, this is not a case where "a district court's reasons for imposing a within-range sentence may be clear from context." *Thompson*, 595 F.3d at 547. The district court clearly gave weight to the short period of time in between Jordan's release and his commission of another offense, but the record does not include facts that show why the district court did not give weight to any of Jordan's arguments. Accordingly, we conclude that the district court's failure to adequately explain the sentence and address Jordan's arguments makes the sentence plainly procedurally unreasonable.

The Government maintains that any error is harmless because the record makes plain that the district court adopted its primary argument—that Jordan's commission of a

---

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

serious offense shortly after beginning his period of supervised release merited a new period of imprisonment. The Government also argues that any error is harmless because Jordan's arguments in favor of a lower sentence were too weak to overcome Jordan's "breach of trust," noting in opposition to Jordan's mental health argument that the D.C. Superior Court eventually found Jordan competent to stand trial. The Government compares this case to *Boulware*, where we found an adequate explanation error harmless where the record left us "with no doubt" that the district court considered the defendant's arguments and that those arguments were "very weak." 604 F.3d at 839-40.

As discussed above, the record does not make it plain that the district court adopted the Government's argument. The district court did not state that it was adopting, or that it agreed with, the Government's argument. Further, in *Boulware*, the defendant's argument "amounted only to her claim that imprisoning her would negatively impact several other people." *Id.* In contrast, Jordan argued that he has already served time for the offense leading to his revocation sentence, that he has potentially severe mental health problems as demonstrated by the D.C. Superior Court deeming him incompetent until after he underwent months-long, in-patient treatment, and that the D.C. Superior Court will be supervising him until November 2023. Further, although *Boulware* addressed an original sentence, the sentencing court there made it much more evident that it had considered the defendant's arguments. *See id.* at 839. The Government is unable to show that the district court's failure to explain its sentence and address Jordan's nonfrivolous arguments did not have "a substantial and injurious effect" on Jordan's sentence. *Id.* at 838.

5

Accordingly, we vacate Jordan's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*